In the Matter of the Claim of SARA TANNENBAUM, Respondent, against PERFECT TAILORING COMPANY et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's compensation — master and servant — death of salesman from fall in restaurant.*

*Tannenbaum* v. *Perfect Tailoring Co.*, 215 App. Div. 741, affirmed. (Submitted June 4, 1926; decided July 9, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 15, 1925, unanimously affirming an award of the State Industrial Board made under the Workmen's Compensation Law. Claimant, a salesman, in the course of his employment entered a restaurant to interview prospective customers and to eat lunch. When leaving he slipped on the floor and fell, receiving injuries resulting in his death.

*Paul Koch* and *Charles O. Truex* for appellants.

*William A. Hyman* and *Ralph F. Kane* for claimant, respondent.

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for State Industrial Board, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Controversy between E. J. CONRAD CORPORATION, Appellant, and 161 MADISON AVENUE, INC., Respondent.

*Vendor and purchaser — sale of leasehold — apportionment of rents.*

*Conrad Corp.* v. *161 Madison Ave., Inc.*, 216 App. Div. 97, affirmed. (Submitted June 8, 1926; decided July 9, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 13, 1926, in favor of defendant

37

upon the submission of a controversy under section 546 of the Civil Practice Act. The question was as to the apportionment, as of the date of closing under a written contract between the parties, for the purchase and sale of a leasehold, of the rent due under the lease for the month in which the closing was had. The contract provided: "At the time of closing the following are to be apportioned: Rents and other payments required to be made by the tenant pursuant to the terms of the lease." The closing took place as of September seventeenth. The lease required a payment of $2,000 for the month of September, but larger payments for subsequent months, the yearly rental being $36,000. The purchaser tendered and paid a sum for thirteen days' occupancy at the rate of September rental. The seller claimed to be entitled to an amount based upon the yearly rental.

*Avel B. Silverman* for appellant.
*William M. Silverman* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH- CRANE, ANDREWS and LEHMAN, JJ.

---

SCHUYLER HAMILTON, Appellant, *v.* GEORGE W. BAKER et al., as Trustees of Union Free School District No. 2 of the Towns of Cortlandt and Yorktown, Westchester County, Respondents.

*Taxpayer's action — schools — action to restrain trustees of school district from issuing bonds for erection of school building.*

*Hamilton* v. *Baker*, 215 App. Div. 786, affirmed.
(Argued June 8, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered December 26, 1925, which affirmed a judgment in favor of plaintiff entered upon an order of Special Term granting a motion for dismissal of the complaint in a taxpayer's action to restrain the defendants from issuing